IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**ROY D. BERRY,**
an individual,

      Plaintiff,

v.                                         Civil Action No: 2:16-cv-04995

**GLS LEASCO, INC.,**
**A Michigan Corporation, and**
**STEVEN L. BARBER,**
an individual,

      Defendants.

## COMPLAINT

**COMES NOW**, the Plaintiff, Roy D. Berry, by counsel, Charles M. Johnstone, II, David A. Dobson, and the law firm of Johnstone & Gabhart, LLP, and for his Complaint against the Defendants, GLS Leasco, Inc., and Steven L. Barber, avers and states as follows:

### THE PARTIES

1. The Plaintiff, Roy D. Berry ("Plaintiff") is a citizen and resident of the State of West Virginia. At all times relevant herein, Plaintiff maintains a mailing address of P.O. Box 307, Dawes, West Virginia 25054.

2. The Defendant, GLS Leasco, Inc., ("GLS Leasco") is a Michigan corporation with its principal office located at 12225 Stephens Road, Warren, Michigan, 48089, and its registered agent is Norman E. Harned at the same address.

3. The Defendant, Steven L. Barber ("Barber") is an employee of Defendant GLS Leasco and was acting in the scope of his employment with Defendant GLS Leasco at the time of the incident which is the subject of this Complaint. Upon information and belief, Defendant Barber is a citizen and resident of the State of North Carolina, and maintains a mailing address of 930 Lundy Lane, Charlotte, North Carolina 28214.

## JURISDICTION AND VENUE

4. This is a civil-action arising out of a pedestrian-trucking accident which occurred on November 25, 2015 on Interstate 77 in Marmet, Kanawha County, West Virginia.

5. Jurisdiction is invoked under the provisions of 28 U.S.C. §1332(a) because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper because the accident at issue in this Complaint occurred within the Southern District of West Virginia, namely, Kanawha County.

## FACTUAL ALLEGATIONS

7. On November 25, 2015, at approximately 1:15 a.m., Plaintiff was lawfully parked on the northbound shoulder of Interstate 77 in Marmet, Kanawha County, West Virginia. At that time, Plaintiff was operating an emergency wrecker vehicle in the scope of his employment with Hauling Reorganization, III, LLC.

8. Plaintiff had exited the emergency wrecker vehicle, and was attempting to secure a loose strap to a vehicle he was towing. All emergency flashers and lights on the wrecker vehicle were activated during this time.

9. At the same time, Defendant Barber was traveling northbound on Interstate 77 in Marmet, Kanawha County, West Virginia. Defendant Barber was operating a truck tractor with a semi-trailer unit owned by the Defendant, GLS Leasco within the scope of his employment with Defendant, GLS Leasco.

10. However, in violation of West Virginia law, Defendant Barber failed to keep in the proper lane, and carelessly, recklessly and negligently ran off the road and onto the northbound shoulder of Interstate 77. As a result. Defendant Barber hit the emergency wrecker vehicle, thereby causing the emergency wrecker vehicle to violently slam into Plaintiff.

11. Due to the impact, Plaintiff was thrown into a metal guardrail barrier, and suffered severe and permanent injuries.

12. As a direct, proximate and foreseeable result of Defendants' carelessness, recklessness, and negligence, Plaintiff sustained serious and permanent injuries, requiring extensive medical treatment.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT BARBER

13. Plaintiff hereby realleges each and every allegation contained in paragraphs one (1) through twelve (12) of the Complaint as though said allegations were fully set forth herein.

14. At all times relevant herein, Defendant Barber had a duty to exercise reasonable and ordinary care and to comply with the laws and regulations of the State of West Virginia and the United States during the operation of a motor vehicle over the roadways and highways in the State of West Virginia.

15. Defendant Barber failed to exercise reasonable and ordinary care and was otherwise careless, reckless, and negligent in the operation of the truck tractor and semi-trailer unit as described herein by, among other things, failing to keep in proper lane and violating West Virginia lane laws.

16. Upon information and belief, Defendant Barber violated *West Virginia Code § 17C-7-9* which provides, in part, a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety

17. Upon information and belief, Defendant Barber violated *West Virginia Code § 17C-14-9A* which provides, in part, that that any driver approaching a stationary emergency vehicle shall: (1) proceed with due caution, yield the right-of-way by making a lane change not adjacent to the emergency vehicle… or … (2) proceed with due caution, reduce the speed of the vehicle, maintaining a safe speed if changing lanes would be impossible or unsafe.

18. The acts and omissions of Defendant Barber also violated the *Federal Motor Carrier Safety Administration Regulations*, including, but not limited to, § 392.2.

19. Defendant Barber's violations and failures to comply with the laws and regulations of the State of West Virginia and the United States as stated herein create a rebuttable, prima facie presumption of negligence.

20. Following the collision, Defendant Barber was found to be solely at fault for the collision by investigating officers.

21. As a direct, proximate and foreseeable result of the Defendant Barber's careless, reckless, and negligent actions and conduct as described herein, Plaintiff suffered severe and permanent personal injuries and sustained the following damages:

   a) Past, present and future medical expenses;

   b) Past, present and future physical pain and suffering;

   c) Past, present and future permanent physical impairment;

   d) Past, present and future mental anguish;

   e) Past, present and future emotional distress;

   f) Past, present and future loss of household services;

   g) Past, present and future lost wages and lost earning capacity;

   h) Past, present and future annoyance and inconvenience; and

   i) Past, present and future loss of capacity to enjoy life

**WHEREFORE**, Plaintiff demands judgment as set forth below.

## COUNT II
## NEGLIGENCE AGAINST DEFENDANT GLS LEASCO

22. Plaintiff hereby realleges each and every allegation contained in paragraphs one (1) through twenty-one (21) of the Complaint as though said allegations were fully set forth herein.

23. Defendant GLS Leasco, as the owner of the truck tractor and semi-trailer unit and employer of Defendant Barber, who was acting the scope of his employment, is vicariously liable for the negligence and recklessness of Defendant Barber as set forth in Court I of this Complaint.

24. At all times relevant herein, Defendant GLS Leasco, as a motor carrier, had a duty to exercise reasonable and ordinary care and to comply with the laws and regulations of the State of West Virginia and the United States regarding the operation of commercial vehicles.

25. Specifically, as the owner of the truck tractor and semi-trailer and as a motor carrier doing business in interstate commerce, Defendant GLS Leasco is responsible for the acts of its drivers. Defendant GLS Leasco is further responsible for the maintenance and operation of its vehicles, including the truck tractor and semi-trailer involved in the collision, which resulted in serious damages to the Plaintiff.

26. Defendant GLS Leasco was negligent and breached the duty of care owed to Plaintiff as described herein by, among other things, failing to follow state and federal law and guidelines regarding the safe operation of a truck tractor with semi-trailer over the roadways and highways in the State of West Virginia.

27. Defendant GLS Leasco is vicariously liable for each and every violation set forth in Count I as it relates to the operation and maintenance of the truck tractor and semi-trailer as well as the Defendant GLS Leasco's employee, Defendant Barber.

28. As a direct, proximate and foreseeable result of the Defendant GLS Leasco's careless, reckless, and negligent actions and conduct as described herein, Plaintiff suffered severe and permanent personal injuries and sustained the following damages:

    a) Past, present and future medical expenses;
    b) Past, present and future physical pain and suffering;
    c) Past, present and future permanent physical impairment;
    d) Past, present and future mental anguish;
    e) Past, present and future emotional distress;
    f) Past, present and future loss of household services;

g)      Past, present and future lost wages and lost earning capacity;

h)      Past, present and future annoyance and inconvenience; and

i)      Past, present and future loss of capacity to enjoy life

**WHEREFORE**, Plaintiffs demand judgment as set forth below.

**WHEREFORE,** Plaintiff, Roy D. Berry demands judgment against the Defendants, GLS Leasco, Inc., and Steven L. Barber, jointly and severally, in an amount that will fully and fairly compensate him for the damages resulting from the negligence, recklessness, carelessness, and other acts and omissions of the Defendants described herein.  Plaintiff further demands and any and all further relief this Honorable Court deems just and appropriate.

**Plaintiff demands a trial by jury on all issues so triable.**

<u>**Roy D. Berry,**</u>
**By Counsel:**

/s/ Charles M. Johnstone, II_____
Charles M. Johnstone, II, Esquire (WVSB #5082)
David A. Dobson, Esquire (WVSB # 12092)
**JOHNSTONE & GABHART, LLP**
1125 Virginia Street, East
P.O. Box 313
Charleston, WV  25321